UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CURTIS BROWN,

                              Plaintiff,

                v.                                      5:01-CV-1523
                                                                       (FJS/DEP)

CITY OF SYRACUSE,

                              Defendant.

**APPEARANCES**                                                **OF COUNSEL**

**OFFICE OF A.J. BOSMAN**                      **A.J. BOSMAN, ESQ.**
258 Genesee Street
Suite 301
Utica, New York 13502
Attorneys for Plaintiff

**CITY OF SYRACUSE CORPORATION**      **DAVID H. WALSH, IV, ESQ.**
**COUNSEL**                                                **TERRI BRIGHT, ESQ.**
300 City Hall
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Prior to the Court's June 8, 2005 Memorandum-Decision and Order ("MDO"), remaining in this case were Plaintiff's 42 U.S.C. § 1981, Title VII disparate treatment, and New York State Human Rights Law claims.

      Currently before the Court is Plaintiff's motion to amend, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and for relief from, pursuant to Rule 60 of the Federal Rules of

Civil Procedure, the Court's MDO, in which it (1) granted Defendant's motion for summary judgment with respect to Plaintiff's Title VII and § 1981 claims; (2) granted without prejudice, pursuant to 28 U.S.C. § 1367(c)(3), Defendant's motion for summary judgment with respect to Plaintiff's Human Rights Law claims; and (3) denied Plaintiff's cross-motion for additional time for discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

## II. DISCUSSION[1]

### A.    Legal standards

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, "district courts may alter or amend judgment 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quotation and other citations omitted). However, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed. 1995) (footnotes omitted). Plaintiff asserts that he brings the instant motion to prevent manifest injustice.

With respect to Rule 60 of the Federal Rules of Civil Procedure, since Plaintiff does not identify any clerical mistakes in the MDO, presumably he seeks relief pursuant to Rule 60(b) rather than Rule 60(a). *See* Fed. R. Civ. P. 60. A Rule 60(b) motion "'is generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *Marrero Pichardo*

---

[1] The Court described the factual background underlying Plaintiff's claims against Defendant in its June 8, 2005 Memorandum-Decision and Order and, therefore, will not repeat those facts here. *See* Dkt. No. 113 at 2-3.

*v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quotation omitted). Since Plaintiff's motion is timely under Rule 59, and since, on the ground upon which he seeks relief, he could obtain no relief pursuant to Rule 60(b) that he could not obtain pursuant to Rule 59(e), exceptional circumstances do not exist in the instant case. *Cf. Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995) ("Rules 59(e) and 60(b) provide for different motions directed to similar ends. . . . Rule 59(e) generally requires a lower threshold of proof than does 60(b) . . . .").

**B.     Plaintiff's cross-motion for additional time for discovery**

Plaintiff argues that the Court erred in denying his cross-motion, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, for additional time for discovery. The Second Circuit has held that

> [t]o request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (citation omitted). In its MDO, the Court concluded that Plaintiff had "not identified any facts essential to his remaining claims that he cannot establish without further discovery." *See* MDO at 3. Plaintiff contends that his counsel's affidavit in support of his cross-motion, *see* Dkt. No. 94 at Pt. 1, established that the files that he sought to discover were necessary for him to demonstrate disparate treatment.

Upon review of Plaintiff's counsel's affidavit, it appears to the Court that Plaintiff has essentially identified those facts that he could not establish without further discovery. His counsel identifies several IA files that Plaintiff's former counsel failed to turn over. *See id.* at

¶ 9. She proceeds to describe her unsuccessful efforts to retrieve those files. *See id.* at ¶ 10. She then identifies several IA files that Plaintiff told her were within the scope of Magistrate Judge Peebles' discovery orders, but which Defendant had not provided. *See id.* at ¶ 11. She finally states that

> [t]he files of these officers are obviously central to establishing whether my client was treated in a disparate manner. Should the Court find that the Plaintiff proffered insufficient evidence to create a genuine issue of material fact with the available information and documents submitted herewith, the Plaintiff seeks leave to review and submit the files identified above and/or that the Defendants be required to produce same.

*See id.* at ¶ 13. These statements lead the Court to conclude that it was mistaken when it determined that Plaintiff had failed to identify any essential facts that he could not establish without further discovery. Accordingly, the Court grants Plaintiff's motion to reconsider that part of its MDO in which it denied his Rule 56(f) cross-motion.

Nevertheless, upon reconsideration, the Court concludes that it should affirm its denial of Plaintiff's Rule 56(f) cross-motion. In Plaintiff's counsel's affidavit in support of his cross-motion, she identifies thirteen IA files that she believes Plaintiff's prior counsel failed to turn over to her. *See id.* at ¶ 9. She states that she was not aware of those files until approximately the beginning of March 2005. *See id.* However, over two years before that time, Magistrate Judge Peebles had identified all but two of these files by file number and ordered Defendant to make the identified files available to Plaintiff. *See* Dkt. Nos. 30 (November 8, 2002 Order), 32 (January 9, 2003 Order). Likewise, Magistrate Judge Peebles' Orders instructed Defendant to make available to Plaintiff the seven files that Plaintiff asserts that Defendant has not produced. *See id.*

Rule 56(f) "will not be liberally applied to aid parties who have been lazy or dilatory . . .

." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2740 (3d ed. 1998) (footnote omitted); *see Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) ("Claims of a need for more discovery by a party who has diligently used the time available . . . should be given more favorable consideration than claims by one who has allowed months to pass unused."). In the instant case, Plaintiff waited over two years after Magistrate Judge Peebles had ordered Defendant to produce specifically identified IA files to request additional time to discover these files. He had ample opportunity to seek enforcement of Magistrate Judge Peebles' Orders and/or to seek sanctions against Defendant for its failure to comply with those Orders. Plaintiff did not avail himself of this opportunity. Certainly by October 7, 2004, when Plaintiff moved for discovery of certain index card IA incident summaries, *see* Dkt. No. 72 at Pt. 1, he should have been aware, through the exercise of reasonable diligence, whether he possessed all the files that Magistrate Judge Peebles had ordered Defendant to make available.

Accordingly, because Plaintiff was dilatory in seeking the discovery of the IA files for which he requested additional time in order to discover, the Court affirms its denial of his cross-motion for discovery pursuant to Rule 56(f).

## C.     Defendant's motion for summary judgment

Plaintiff argues that the Court erred by requiring that similarly situated officers be identical to him. This argument, however, mischaracterizes the Court's decision. The Court distinguished the seriousness of the officers' potentially criminal conduct, using the statutory offense level as an indication of seriousness.

Plaintiff also argues that Defendant failed to support its summary judgment motion with proper affidavits. Specifically, he asserts that Defendant's counsel's affidavit is not based on personal knowledge. However, the Court is unable to find where he raised this issue in his summary judgment papers. Regardless, a party against whom another party has asserted a claim may move for summary judgment with respect to that claim without submitting an affidavit supporting the merits of its position. *See* Fed. R. Civ. P. 56(b).

Plaintiff further contends that the Court erroneously "embraced a subjective evaluation of Plaintiff s [sic] conduct . . . ." *See* Dkt. No. 116 at Pt. 1 at 5. The Court is not certain what Plaintiff means by this contention. To establish a *prima facie* Title VII case in the absence of direct evidence of discriminatory intent, Plaintiff needed to produce evidence that Defendant treated similarly situated, non-African-American officers differently. Therefore, the question before the Court was not whether or why Defendant thought that the officers were not similarly situated. Instead, the question was merely the objective one of whether the officers were or were not similarly situated. Thus, Plaintiff's contention does not apply to the Court's reasoning.

Accordingly, since Plaintiff has not shown that the portion of the Court's MDO in which it addressed Defendant's motion for summary judgment contains clear legal error or that he will suffer manifest injustice unless the Court reconsiders that Order, the Court denies his motion to reconsider this part of the Court's MDO.

### III. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration of that part of the Court's MDO denying his cross-motion for discovery pursuant Rule 56(f) is **GRANTED**; and the Court further

**ORDERS** that, upon reconsideration, the Court's denial of Plaintiff's cross-motion for discovery pursuant to Rule 56(f) is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration of that part of Court's MDO in which it granted Defendant's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 17, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge