UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CURTIS BROWN,

                                    **Plaintiff,**

             v.                            5:01-CV-1523
                                                       (FJS/DEP)

CITY OF SYRACUSE; JOHN FALGE, individually; GARY MIGUEL, in his official capacity as Chief of Police of the Syracuse Police Department; and JOHN DOE, intended to indicate an individual unknown at this time,

                                    **Defendants.**

---

**APPEARANCES**                              **OF COUNSEL**

**BOSMAN LAW OFFICE**              **A. J. BOSMAN, ESQ.**
6599 Martin Street
Rome, New York 13440
Attorneys for Plaintiff

**CITY OF SYRACUSE**                **JOSEPH FRANCIS BERGH, ESQ.**
**CORPORATION COUNSEL**
City Hall, Room 301
233 East Washington Street
Syracuse, New York 13202
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff, a former Syracuse Police Department ("SPD") officer was suspended without pay on July 5, 2000, following the entry of his plea of guilty to one count of Endangering the

Welfare of a Child ("Endangering"), a class A misdemeanor, in Dewitt Town Court, County of Onondaga, State of New York, on June 20, 2000.  The internal affairs section of the SPD conducted an investigation of Plaintiff.  Plaintiff was officially terminated from the SPD on December 7, 2005, after an SPD internal affairs investigation and an arbitrator found just cause to terminate Plaintiff.

On October 9, 2001, Plaintiff filed the instant action asserting claims of racial discrimination under 42 U.S.C. §§ 1981, 1983, 1985 and Title VII, as well as First Amendment retaliation and procedural due process claims under 42 U.S.C. § 1983.  Plaintiff also asserted claims pursuant to New York Human Rights Law and various common law claims.

## II. BACKGROUND

Following a motion to dismiss by Defendants, on July 25, 2002, this Court dismissed several of Plaintiff's claims.[1]  On June 8, 2005, this Court granted Defendant[2] summary judgment on the remaining claims.[3]  The Court also denied Plaintiff's Rule 56(f) motion for additional

---

[1] Specifically, the Court dismissed the following claims: Plaintiff's Title VII claim against Defendant Falge, *see* Dkt. No. 19, Memorandum-Decision and Order at 2; Plaintiff's § 1983 claim against Defendant Duval in his official capacity as redundant, *see id*. at 4 n. 3; Plaintiff's § 1983 claim against the City of Syracuse for failure to allege a custom or policy of the City of Syracuse under which Defendants acted, *see id*. at 5; Plaintiff's § 1983 claim against Defendant Falge for failure to allege personal involvement of a supervisory official, *see id*. at 6; Plaintiff's § 1985(3) claim under the intracorporate conspiracy doctrine, *see id.* at 9; and Plaintiff's common law claims on the ground that they were barred by the statute of limitations, *see id*. at 12.

[2] At the time of this Order, only Defendant City of Syracuse remained in the case.

[3] Specifically, the Court granted summary judgment on the following claims: Plaintiff's Title VII claim finding no *prima facie* disparate treatment claim due to a failure to identify a similarly-situated police officer whom Defendant treated differently and Plaintiff's § 1981 claim,
(continued...)

discovery. *See* Dkt. No. 114, Memorandum-Decision and Order at 3, 8-9. On August 17, 2005, this Court reconsidered and again denied Plaintiff's Rule 56(f) motion for additional discovery and declined to reconsider the Court's decision as to whether there were similarly-situated officers whom Defendant treated differently. *See* Dkt. No. 118, Memorandum-Decision and Order at 5-6.

On appeal, the Second Circuit affirmed the dismissal of Plaintiff's § 1985(3) claims as waived on appeal. *See id*. at 2. The Circuit reversed the dismissal of the § 1983 claims finding Plaintiff had sufficiently pled a First Amendment and Equal Protection claim under a designated practice or official policy.[4] The Circuit reversed and remanded the Title VII and § 1981 claims and also reversed this Court's denial of the Rule 56(f) motion.[5] On July 26, 2006, the Second Circuit vacated and remanded this Court's judgment. *See* Dkt. No. 127, Summary Order and Mandate at 4.[6]

---

[3](...continued)
as well, for failure to identify any similarly-situated officers. *See* Dkt. No. 114, Memorandum-Decision and Order at 8-9. This Court declined to exercise supplemental jurisdiction over Plaintiff's New York Human Rights Law ("NYHRL") claim. *See id*. at 3, 9.

[4] The Circuit Court determined that, based on Second Department case law, the crime of Endangering is not an "oath of office" offense.

[5] The Circuit Court did not discuss Plaintiff's common law claims, other than mentioning that this Court dismissed them with prejudice, or Plaintiff's New York Human Rights law claims, other than mentioning that this Court granted summary judgment to Defendant.

[6] The Circuit Court issued its mandate on August 24, 2006.

## III. DISCUSSION

**A.     Preliminary matters**

Although the Second Circuit reversed this Court's dismissal of Plaintiff's § 1983 claims, it did not address this Court's dismissal of Defendant Duval in his official capacity as redundant. *See* Dkt. No. 19 at 4 n. 4 (citing *Wallikas v. Harder*, 67 F. Supp. 2d 82, 83 (N.D.N.Y. 1999)). Under *Wallikas*, Plaintiff's claims against Defendant Miguel are redundant as Defendant Miguel is only sued in his official capacity; Plaintiff sued the municipality – the City of Syracuse (the "City") – and the City had notice and responded to Plaintiff's claims. Accordingly, the Court dismisses all claims against Defendant Miguel.

As this Court noted in its July 25, 2002 Order, Plaintiff's Title VII claim applies only to the City because it is well-established that a plaintiff cannot maintain a Title VII claim against an individual; and, therefore, as a matter of law, Plaintiff cannot maintain his Title VII claim against Defendant Falge. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (citation omitted); *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 232-33 (N.D.N.Y. 2001) (citations omitted). Accordingly, the Court dismisses Plaintiff's Title VII claim against Defendant Falge.

The Second Circuit did not address Plaintiff's state common law claims. The Court finds that they are still barred by the statute of limitations. *See* Dkt. No. 19 at 12.

As a result of the Second Circuit's mandate and these rulings, Plaintiff retains the following claims: (1) a Title VII claim against Defendant City; (2) a NYHRL claim against Defendants City and Falge; (3) a § 1981 claim against Defendants City and Falge; (4) and

§ 1983 claims against Defendants City and Falge.[7]

**B.      Plaintiff's Title VII claim against Defendant City**

The burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to Plaintiff's Title VII claim; a Plaintiff must first make out a *prima facie* case of discrimination, the employer must then articulate a legitimate non-discriminatory reason for the termination of employment, and then the plaintiff has the burden to prove that discrimination was the reason for the employment action. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000) (citations omitted).

Defendants do not contend that Plaintiff has not made out a *prima facie* case. Defendants however, have also articulated a non-discriminatory reason for Plaintiff's termination, his misdemeanor conviction for endangering the welfare of a child. Plaintiff claims that such non-discriminatory reason is a pretext and maintains that Defendants treated similarly-situated individuals outside the protected class differently. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255, 258 (1981) (citations omitted).

The Second Circuit, relying on the factual premise that at least one other person employed by the SPD was not terminated after being convicted of a misdemeanor of DWI, found "genuine issues of material fact regarding whether [Plaintiff] was similarly situated to other

---

[7] Defendants moved for summary judgment on an equal protection claim, a procedural due process claim related to the loss of Plaintiff's job, a procedural due process claim related to a liberty interest, and First Amendment retaliation. In his response, Plaintiff only addressed the First Amendment retaliation claim directly and the equal protection claim in the context of qualified immunity. Since the procedural due process claims appear in the complaint, the Court will address Defendants' motion for summary judgment regarding these claims even though Plaintiff did not oppose this part of Defendants' motion.

employees." *See* Dkt. No. 127 at 4.

Defendants now argue that the factual predicate on which the Second Circuit relied, i.e., the DWI conviction, was an error in that the officer was convicted of a traffic violation and not a misdemeanor. A review of the evidence upon which this Court relied appears to show an arrest and charge of a violation of N.Y. Veh. & Traf. Law § 1192.3 (misdemeanor - DWI) but a reduction to a disposition of a fine and fee for a violation of N.Y. Veh. & Traf. Law § 1192.1 (traffic infraction - DWAI). *See* N.Y. Veh. & Traf. Law § 1193(1); *see also* Dkt. No. 94, Exhibit H at 3-5; Dkt. No. 113 at 7.[8] Therefore, it appears that the Second Circuit's finding as to the issue of fact was based on this Court's erroneous interpretation of the facts in the record. However, because it is not clear whether the Second Circuit's mandate permits this Court to reconsider this issue, the Court will interpret the Second Circuit's decision as the law of the case.[9] *See United States v. Tenzer*, 213 F.3d 34, 40 (2d Cir. 2000) (finding the district court correctly found that it was bound to follow a prior appellate decision even though the district court believed new evidence supported disagreement with the decision).[10]

The mandate rule "'compels compliance on remand with the dictates of the superior court

---

[8] Ironically, Plaintiff did not even argue that this officer was an example of disparate treatment. Plaintiff, in his discussion of other officers convicted of misdemeanors or felonies, conspicuously omits this officer, relying instead on another officer, who is African-American and would therefore not support his disparate treatment argument.

[9] The Court notes that Defendants could have avoided this situation by raising this Court's factual error earlier, either before this Court on a motion for reconsideration or on appeal to the Second Circuit.

[10] The Second Circuit noted in *Tenzer* that an appellate court is not bound by the same rigidity as the district court and could reconsider its holding based on new evidence. *See Tenzer*, 213 F.3d at 40.

and forecloses relitigation of issues expressly or *impliedly* decided by the appellate court.'" *Lucente v. Int'l Bus. Machs. Corp.*, 262 F. Supp. 2d 109, 112 (S.D.N.Y. 2003) (quoting [*United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)] (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993))). A district court may not change the law of the case as established by the court of appeals on the basis of new evidence unless authorized to do so by the terms of the remand. *See United States v. Fernandez*, 506 F.2d 1200, 1202-03 (2d Cir. 1974). Therefore the Court denies Defendants' motion for summary judgment on Plaintiff's Title VII claim.[11]

### C.    Plaintiff's NYHRL, § 1981 and § 1983 equal protection claims

Plaintiff asserts several other claims premised on the same allegations and disparate treatment as his Title VII claim: his NYHRL claim;[12] his § 1981 claim; and his § 1983 equal protection claim. Since the Court is obligated to follow the mandate as to there being a genuine issue of material fact as to whether Defendants discriminated against Plaintiff based on disparate treatment of similarly-situated employees, these causes of action must survive summary judgment as well. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714-15 & n.6 (2d Cir. 1996) (finding standard of proof for NYHRL discrimination claims is the same as the standard of proof for Title VII claims); *Patterson v. County of Oneida*, 375 F.3d 206, 225-27 (2d

---

[11] As the Court finds that the Second Circuit's mandate dictates that there is a genuine issue of material fact for trial on the similarly-situated employees issue, the Court need not address Plaintiff's remaining arguments as to how Defendants treated similarly-situated employees differently or why Defendants' legitimate non-discriminatory reason is not worthy of credence.

[12] Since Plaintiff's Title VII claim survives summary judgment, the Court will exercise supplemental jurisdiction over his NYHRL claim. *See* 28 U.S.C. § 1367(a).

Cir. 2004) (noting that the core substantive standards for a Title VII claim apply to a § 1981 employment discrimination claim and an equal protection claim under § 1983 except for the following differences: (1) statutes of limitations; (2) municipal liability; (3) individual liability; and (4) §§ 1981 and 1983 require a showing of intentional discrimination whereas Title VII liability may be premised upon negligence).[13]

### D. Plaintiff's § 1983 First Amendment retaliation claim against Defendants City and Falge

A public employee asserting a First Amendment retaliation claim under § 1983 must show that "(1) h[is] speech was constitutionally protected, as a result of which (2) []he suffered an adverse employment decision, and (3) a causal connection existed between the speech and the adverse employment decision, so that it can be said that h[is] speech was the motivating factor in the determination." *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005) (citations omitted). In his memorandum of law, Plaintiff clarified that his alleged protected speech consisted of the filing of a complaint with the EEOC and the NYSDHR and that the adverse action was the five-year length of Plaintiff's arbitration termination proceeding and Defendants' failure to settle or compromise with Plaintiff. *See* Plaintiff's Memorandum of Law at 18.

The Second Circuit has permitted a First Amendment retaliation claim based on the filing of discrimination complaints. *See Washington v. County of Rockland*, 373 F.3d 310, 320 (2d Cir. 2004). Complaints regarding the alleged discrimination against African-American officers is a matter of public concern worthy of First Amendment protection. *See id.*

---

[13] Municipal liability is discussed *infra*, and the parties did not raise the issue of individual liability.

Adverse employment actions generally include "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand" but may also include lesser actions such as negative evaluations, accusations of misconduct, assignment to certain duties, and failure to process forms. *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999) (citation omitted). An adverse employment decision is one that "'would deter a similarly situated individual of ordinary firmness from exercising his . . . [constitutional] rights.'" *Washington*, 373 F.3d at 320 (quotation omitted). Defendants presented evidence in the form of arbitration transcripts that Plaintiff and his union caused the delay in the arbitration. Plaintiff offered no evidence that Defendants' actions caused the delay other than citing the length of the arbitration. Accordingly, the Court finds that the length of the arbitration cannot be considered an adverse employment action because Defendants' actions did not cause the delay.

The only remaining alleged adverse action is a refusal to settle the arbitration. Plaintiff bases this argument on a letter from Defendant City's Office of Corporation Counsel to Rocco A. DePerno, Esq., which mentions Plaintiff's filing with the NYSDHR and withdraws any and all offers of settlement for the pending arbitration. The letter also expresses a desire to re-schedule the arbitration hearing.

To support his claim that this letter is evidence of retaliation, Plaintiff cites cases that stand for the proposition that a union or employer cannot refuse to proceed in an arbitration pursuant to a grievance procedure when the employee files an independent action, e.g., a Title VII claim, to pursue his rights. *See*, *e.g.*, *Johnson v. Palma*, 931 F.2d 203, 208-09 (2d Cir. 1991). These cases are not dispositive, however, because Plaintiff did not, and cannot, claim that Defendants refused to participate in the arbitration. As noted above, Defendants presented

evidence that Plaintiff and his union caused the delay in the arbitration and Defendant City tried to proceed.  Furthermore, the letter that Plaintiff cites, although indicating that Defendant City was withdrawing offers of settlement, expresses a desire to contact the arbitrator to re-schedule the arbitration hearing.  This hardly evidences a failure to allow Plaintiff to arbitrate his termination.

The Court finds that Defendant City exercised a legal right to refuse to settle a claim and that withdrawing arbitration settlement offers cannot be an adverse employment decision, as a contrary finding would force the settlement of such arbitrations.  Accordingly, the Court concludes that Plaintiff has failed to present a genuine issue of material fact as to whether he suffered an adverse employment action sufficient to survive summary judgment on his First Amendment retaliation claim; therefore, the Court grants Defendants summary judgment on this claim.

E.     **Plaintiff's § 1983 procedural due process claim against Defendants City and Falge**

Plaintiff did not oppose the dismissal of his Fifth Amendment procedural due process claims.  However, the Court must still determine if Defendants are entitled to summary judgment on these claims.  *See* Fed. R. Civ. P. 56(e)(2).  To show a violation of procedural due process rights, a plaintiff must show that "he possessed a property or liberty interest and [then determine] what process he was due before he could be deprived of that interest."  *Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002) (citation omitted).

To support a liberty-interest claim, a plaintiff must "allege (1) the utterance of a statement about h[im] that is injurious to h[is] reputation, 'that is capable of being proved false, and that he

. . . claims is false' and (2) 'some tangible and material state-imposed burden . . . in addition to the stigmatizing statement.'" *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (quotation omitted). Plaintiff has not presented any evidence to support the utterance of a statement about him that is injurious to his reputation, and he may not rely on his allegations in his pleadings regarding alleged statements that he is a sexual abuser of minors. *See* Fed. R. Civ. P. 56(e)(2). Accordingly, the Court finds that Defendants are entitled to summary judgment on Plaintiff's liberty-interest claim.

The Second Circuit found that Plaintiff had not lost his property interest as a public employee by virtue of an oath-of-office offense. A public employee is entitled to a hearing prior to being terminated. *See Ciambriello*, 292 F.3d at 319 (citing [*Cleveland Bd. of Educ. v.*] *Loudermill*, 470 U.S. [532,] 542, 105 S. Ct. 1487 [(1985)]). Defendants presented evidence that Plaintiff received a pre-termination hearing as well as an arbitration prior to being officially terminated. Plaintiff did not dispute Defendants' assertions. Accordingly, the Court finds that Plaintiff received the process that he was due and that Defendants are entitled to summary judgment on Plaintiff's property-interest claim.

### F.   Municipal liability of Defendant City

"[A] single action by a decision-maker who 'possesses final authority to establish municipal policy with respect to the action ordered' . . . is sufficient to implicate the municipality in the constitutional deprivation for the purposes of § 1983." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (quoting [*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986)]) (denying motion to dismiss on the grounds of municipal liability because

the town conceded that the police chief has final policymaking authority with respect to actions of the police) (Connecticut case). The actions of an official, who has final authority over matters involving the exercise of discretion, constitute municipal policy; final authority exists where the official's decisions, at the time they are made, constitute the municipality's final decisions. *See Rookard v. Health & Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (finding liability where individual actors had authority to order employee's discharge and their authority over personnel decisions was final); *see also McKinley v. City of Eloy*, 705 F.2d 1110, 1116-17 (9th Cir. 1983) (finding municipality liable where testimony that the City delegated ultimate responsibility for personnel decisions to city manager without the need for review by the city counsel, who unconstitutionally fired the plaintiff, demonstrated that the personnel decisions of the city manager were final policy-making decisions).

Defendant Falge, as chief of police, appears to exercise final discretionary authority in handing out internal discipline, including the termination of Plaintiff's employment. Defendants have not presented any evidence that Defendant Falge did not have the final policy-making authority with regard to these issues. Accordingly, the Court also finds that Defendant City is not entitled to summary judgment for lack of municipal policy on this alternative ground.

### G.   Qualified immunity of Defendant Falge

A defendant is entitled to qualified immunity if his actions did not violate clearly established law or if it was objectively reasonable for him to believe his actions were legal. *See Ford v. Moore*, 237 F.3d 156, 162 (2d Cir. 2001). To obtain summary judgment on the ground of qualified immunity, a defendant "must show that no reasonable jury, viewing the evidence in

the light most favorable to the Plaintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law;" actions are "objectively reasonable if 'officers of reasonable competence could disagree on the legality of the defendants' actions.'" *Id*. (quotations omitted).  As noted above, there are genuine issues of material fact as to whether Defendant Falge intentionally discriminated against Plaintiff on the basis of his race and treated him differently than similarly-situated individuals of another race.  There can be no doubt that at all relevant times discriminatory termination on the basis of race, if proven, was objectively unreasonable in light of clearly established law.  Accordingly, the Court finds that Defendant Falge is not entitled to summary judgment on the ground of qualified immunity.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part; and the Court further

**ORDERS** that all claims against Defendant Miguel in his official capacity are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's state common law claims against all Defendants are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's Title VII claim against Defendant Falge is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's § 1983 First Amendment retaliation claims against all

Defendants are **DISMISSED**; and the Court further

ORDERS that Plaintiff's § 1983 procedural due process claims against all Defendants are **DISMISSED**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is otherwise **DENIED**; and the Court further

**ORDERS** that Plaintiff's counsel shall initiate a telephone conference, using a professional conferencing service, with the Court and opposing counsel on **January 13, 2009**, at **9:30 a.m.** to set a trial date.

**IT IS SO ORDERED.**

Dated: December 31, 2008
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge