UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CURTIS BROWN,

                                Plaintiff,

         -v-                               5:01-CV-1523

CITY OF SYRACUSE and
JOHN FALGE, Individually;

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                     OF COUNSEL:

A.J. BOSMAN, ESQ.
NORMAN DEEP, ESQ.
Attorneys for Plaintiff
6599 Martin Street
Rome, NY 13440

CITY OF SYRACUSE LAW DEPARTMENT     JOSEPH FRANCIS BERGH, ESQ.
Attorneys for Defendants
233 East Washington Street
Room 301 City Hall
Syracuse, NY 13202

HANCOCK & ESTABROOK, LLP          JOHN G. POWERS, ESQ.
Attorneys for Defendants
1500 AXA Tower I
100 Madison Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

        By letter filed and served on April 29, 2009, (Doc. No. 204), defendants moved,

inter alia, for sanctions against plaintiff and/or his counsel for alleged violation of a

Confidentiality Order executed by the parties on November 13, 2002, and so ordered by Magistrate Judge David E. Peebles on June 1, 2004, (Doc. No. 61).  Plaintiff opposed by letter on May 1, 2009.  (Doc. No. 206.)

On May 4, 2009, plaintiff Curtis Brown ("Brown"), attorney A. J. Bosman, and attorney Norman Deep were ordered to appear on May 11, 2009, at 10:00  a.m. in Utica, New York, to show cause why each and all of them should not be held in contempt for violation of the Confidentiality Order and be subject to sanctions up to and including dismissal of the case with prejudice.  (Doc. No. 211.)  A hearing was held on May 11, 2009. Defendants called Brown and Thomas Galvin as witnesses who were subject to cross examination.  All submitted exhibits were admitted for the purposes of the hearing.  Decision was reserved.

## II. <u>BACKGROUND</u>

On November 13, 2002, Brown and defendants City of Syracuse and John Falge entered into an agreement protecting the content of any document or thing, interrogatory, answer thereto, request for admission, response thereto or deposition marked "Confidential" from any disclosure or use without further court order.  The agreement was prepared by plaintiff's former attorney.  The agreement also specified that the failure of any party to challenge a claim of confidentiality would not constitute acquiescence in the event compliance with the agreement was questioned.  On April 7, 2004, plaintiff's current counsel sent a letter to the Court confirming her and co-counsel's agreement to conform to the terms of the November 13, 2002, confidentiality agreement.  This letter specifically referred to the confidentiality of City of Syracuse Internal Affairs Department ("IAD") documents.  As noted

above, the November 13, 2002, agreement, along with the April 7, 2004, letter were not so

ordered by Magistrate Judge Peebles until June 1, 2004.

> Paragraph 4 of the Confidentiality Order stated:

> Any document or paper produced by defendants herein shall be utilized
> by the plaintiff solely for purposes of this litigation and for no other
> purposes; provided, however, that this limitation shall not apply to any
> information or document or things which, at or prior to disclosure thereof,
> is or was publicly available, including documents or things which he
> possesses through a third party.

(Confidentiality Order Doc. Nos. 61, 217.)  Paragraph 5 provides:

> Inspection of documents and things produced pursuant to this Protective
> Order by defendants shall be conducted only by counsel and his client
> assisting in the preparation of this litigation for trial.  Such counsel shall
> treat any information in such documents or things as "Confidential" in
> accordance with the court's directives.

Id.  Paragraph 7 precluded the parties from disclosing any items marked "Confidential" as

follows:

> Answers, depositions, documents, and things marked or designated
> "Confidential" in accordance with this stipulation and copies thereof shall
> not be disclosed by the receiving party to any other person, entity or third
> party without further order of the court.

Id.

> A jury trial was scheduled to begin on Tuesday, May 5, 2009.  One week prior to

the scheduled trial date Brown sent to the news media via electronic mail a single-spaced,

two-page letter making accusations of "heinous crimes . . . by some Syracuse Police Officers

. . . includ[ing] but [] not limited to, rape, and sodomy, sexual abuse to motorists, domestic

violence, and pedophilia."  (Doc. No. 208.)  The letter stated that details supporting these

allegations were contained in confidential IAD documents.  The letter further stated that he

obtained the IAD documents pursuant to an Order of this Court.  His letter referenced the

May 5 trial date, indicating that the trial was scheduled for an "entire week, due to the vast amount of evidence brought against" defendants.  Id.  Plaintiff concluded his letter stating: "The public needs to hear of these atrocities and weed out these sexual predators before more innocent women are victimized."

As noted above, the Order to Show Cause was issued on May 4, 2009.  The trial scheduled for May 5, 2009, and all other open motions were adjourned without date pending resolution of the contempt matter.

## III.  STANDARD

A court is authorized to impose sanctions for failure to obey a scheduling or other pretrial order.  Fed. R. Civ. P. 16(f).  Sanctions for not obeying a discovery order can include, inter alia, dismissing the action, rendering a default judgment, or holding the disobedient party in contempt.  Fed. R. Civ. P. 37(b)(2)(A)(ii-vii).  "A party may not be held in contempt unless 'the order violated by the contemnor is "clear and unambiguous," the proof of non-compliance is "clear and convincing," and the contemnor was not reasonably diligent in attempting to comply.'"  EEOC v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996) (quoting United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1096 (2d Cir. 1996)).  It is not necessary that the violation of the order be willful in order to make a finding of contempt.  Id.  Moreover, a sanction for contempt should not be imposed "'where there is a fair ground of doubt as to the wrongfulness of the [party's] contempt.'"  A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 87 F. Supp. 2d 281, 288 (S.D.N.Y. 2000) (quoting California Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618, 5 S. Ct. 618, 622 (1885)).

## IV.  **DISCUSSION**

The Confidentiality Order expressly did "not apply to any information or document or things which, at or prior to disclosure thereof, is or was publicly available, including documents or things which he possesses through a third party."  (Doc. No. 61, 217 ¶ 4.)

Brown submitted newspaper articles that contained allegations of the following investigations of police misconduct: domestic assault, rape, providing alcohol to a 14-year-old boy, public lewdness, hitting a pedestrian with his car while driving intoxicated, fondling a woman when responding to a domestic abuse call, peeping in the window at women, beating a 12-year-old girl with a nightstick, and sexual abuse after vehicle stop.  According to plaintiff these articles demonstrate that the information he included in his letter to the media was already publicly available and therefore not subject to the Confidentiality Order.  Three of these articles related to charges brought, or a conviction entered against police officers (domestic assault, alcohol to 14-year old, and public lewdness).  The remaining articles all pertain to this lawsuit and contain his allegations against officers to demonstrate that he was treated differently because of his race, rather than information obtained through news-gathering.  Defendants contend that Brown releasing that information was in violation of the Confidentiality Order, so that he should not now profit from it.

In any event, the above-quoted language from the Confidentiality Order is at best sloppily written and could be read to exclude from the protection against disclosure any information available to the public regardless of the manner in which it became public. Moreover, the Confidentiality Order also provides that counsel treat information produced in discovery as confidential "in accordance with the court's directives."  According to Brown, the court directed only that identities revealed in IAD files be kept confidential, thus permitting

disclosure of the substantive allegations.  This is another example of how the Confidentiality Order could have been better written by defendants' counsel.[1]  Additionally, the Confidentiality Order provided that documents and specified information provided in discovery and marked "Confidential" by a party must not be disclosed.  However, defendants' counsel never marked anything "Confidential."  Again, this reflects the sloppy approach taken by defendants' counsel toward keeping confidential information protected from disclosure.  Finally, defendants' counsel did not have the confidentiality stipulation so ordered until June 1, 2004, 1-1/2 years after it was originally executed by the parties.[2]

In sum, the Confidentiality Order allegedly violated by Brown and his counsel falls far short of being clear and unambiguous.  Similarly, defendants' evidence of non-compliance falls far short of being clear and convincing, especially in light of the ambiguity presented by the Confidentiality Order.  Accordingly, defendants have failed to establish that Brown and his counsel should be held in contempt and sanctioned for that contempt.

That having been said, Brown and his counsel are not without blame.  There is absolutely no question that the contents of IAD files are confidential and were meant to be protected from disclosure by the Confidentiality Order.  Plaintiff's current counsel acknowledged this in her letter agreeing to abide by the Confidentiality Order.  Moreover, the information is protected from disclosure by New York State law.  See N.Y. Civ. Rights Law § 50-a, N.Y. Pub. Off. Law § 96.

---

[1]  It is incredible that on this important issue the defendants' counsel allowed the plaintiff's former counsel to prepare the Confidentiality Order and Stipulation and accepted it without change.

[2]  It must be noted that attorney John G. Powers and the Hancock office did not become of counsel to the defendants until April 8, 2009.  (Doc. No. 172.)

Throughout the course of this litigation, Brown has contacted the media and provided them with salacious information, in some cases from confidential internal affairs department files.  His latest contact, on the eve of trial, even stated that the information came from IAD files, as well as that he obtained the files by order of this Court.  He has made unsupported accusations of serious criminal conduct by other police officers.  His initial attorney withdrew from the representation because of plaintiff's unrelenting contact with the media, and the attorney's concern that the contact would continue despite instruction to the contrary.

His present attorneys, A. J. Bosman and Norman Deep, must have been aware of Brown's propensity for media contact because he was admonished about it several times, including with regard to the withdrawal of prior counsel.  However, they took no extra precautions to prevent plaintiff from releasing the confidential content of IAD files to the media on the eve of trial.  In fact, their argument on this motion that it was perfectly all right to release any and all information contained in the IAD files so long as the officers' identities were not disclosed indicates acquiescence, if not condonation, of the release of obviously confidential information.

Plaintiff's attorneys' argument that his prior disclosure of confidential information excuses the most recent disclosure is untenable.  A previous violation of the Confidentiality Order cannot absolve him from responsibility for later violations even though the Confidentiality Order exempts "publicly available" information, and any such argument fails.

Further, information obtained through discovery in this litigation has been used by the plaintiff's attorneys in support of other cases against the City of Syracuse in which

plaintiffs are alleging civil rights violations.  In view of the spirit of the Confidentiality Order, this is clearly an improper use of such discovery disclosures.

**V.  CONCLUSION**

Although it is clear that Brown violated the spirit of the Confidentiality Order (regardless of his counsels' protestations to the contrary), it is not clear that he violated actual (ambiguous) terms of the Confidentiality Order.  Despite the egregiousness of plaintiff's contact with the media on the eve of trial, because of their own counsels' failures defendants are not entitled to sanctions such as contempt against him and his counsel.  Finally, now that they are on notice, Brown and his attorneys are warned that any further conduct of a similar nature will subject them to the full sanctioning power of this Court.

Accordingly, it is

ORDERED that defendants' motion for sanctions is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: June 10, 2009
       Utica, New York.